RYDER, Judge.
Pursuant to a plea bargain, appellant pled guilty to two separate charges of breaking and entering with intent to commit a misdemeanor. He was sentenced to concurrent sentences of fifteen years on the first charge (circuit court case no. 75-1552, appeal no. 77-505) and five years on the second charge. He now challenges the legality of the fifteen year sentence. We hold that this sentence was illegal and reverse.
The statute in effect at the time of the commission of the offense, Section 810.-05, Florida Statutes (1973), provides that breaking and entering with intent to commit a misdemeanor is a felony in the third degree. The maximum term of imprisonment for a felony in the third degree is five years. Section 775.082, Florida Statutes.[1]
The trial court also neglected to specify in either sentence the amount of credit time to which appellant is entitled, as required by Section 921.161(1), Florida Statutes (1975). Smith v. State, 310 So.2d 770 (Fla. 2d DCA 1975). Moreover, the sentences specified that appellant be confined “at hard labor”, which is improper because no existing state statute provides for the imposition of imprisonment at hard labor as a sentence for any offense. McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1975).
The judgments are affirmed, but the sentences are vacated and the cases remanded for resentencing of appellant. Appellant is to be present at the resentencing proceeding.
GRIMES, Acting C. J., and SCHEB, J., concur.

. Section 775.084, Florida Statutes permits pri- or felony offenders to be sentenced to a term of imprisonment of up to ten years for a felony in the third degree. However, there is no indication in the record that the trial court intended to proceed under this statute. Nor does the record include the required finding that imposition of sentence under this section is necessary for the protection of the public.